*1280 GRIFFIN, J.,
concurring specially.
Mahone has made it clear that he wants counsel for his resentencing, and the State concedes on appeal that we should reverse and remand for appointment of counsel for the resentencing. I point out, however, that the trial court in its order granting appellant’s motion to correct illegal sentence specifically said that Mahone was entitled to be represented and informed the appellant that if he wished to have appointed counsel, he must file an affidavit of insolvency. No such affidavit appears in the record, and the appellant does not claim on appeal that he complied with the court’s directive. Rather, he seems to rely on the notion that because he had been given appointed counsel nine years earlier in his direct appeal, he is automatically entitled to appointment of counsel now. Moreover, we have no way of knowing what transpired when Mahone showed up for resentencing without counsel and without having filed an affidavit because appellant has not provided us with a transcript of the resentencing hearing. As for the denial of appellate counsel for this appeal, that decision was made by a different judge.